**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Dallan Escobar,** *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00115-ADA-SH** |
| | § | |
| **PennyMac Loan Services, LLC,** *Defendant* | § | |
| | § | |

**DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f)**

Judge Alan D Albright referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. **IT IS HEREBY ORDERED** that the parties confer pursuant to Federal Rule of Civil Procedure 26(f) and file with the Court **both a joint proposed scheduling and discovery plan reflecting the Rule 26(f) criteria AND a completed version of the Court's standard Scheduling Order with all dates provided** on or before **August 27, 2026**.[1] If there are no disputes, the Court will enter the Scheduling Order.

During the Rule 26(f) meeting, the parties or their counsel shall discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement or resolution of the case, and the scope and type of discovery, including electronic discovery. The parties shall also arrange for the disclosures required by Rule 26(a)(1) and develop their joint proposed scheduling/discovery plan. These are the minimum requirements for the meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case,

[1] The standard Scheduling Order is attached as Appendix A.

the parties are required to explore the feasibility of ADR between themselves as well. If the parties elect not to participate in an early ADR effort, the Court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, the parties shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates that disclosures will be made by the date of the Rule 16(b) initial scheduling conference and will include at least the categories of information listed in the rule. Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by this Magistrate Judge. In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why. The discussion shall include the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or formally and whether it should be conducted in phases to prepare for filing of particular motions or settlement discussions.

In addressing electronic discovery, the parties shall discuss what electronic sources each party will search, difficulty of retrieval, preservation of records, the form of production (electronic or hard-copy, format of production, inclusion of metadata, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues present in the case. Before engaging in the Rule 26 discussion, the parties should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document

retention/destruction policy, and whether the client has placed a litigation hold preventing destruction of potentially relevant records.

This Magistrate Judge recognizes that Judge Albright typically resolves discovery disputes through email practice. Because those discovery disputes are referred to this Magistrate Judge by Judge Albright's referral order, however, this Magistrate Judge directs the parties to follow typical motion practice prescribed by the Federal Rules of Civil Procedure and the Local Rules to bring any discovery disputes before the Court.

The Court would also like to relay the following to the parties:

(1) Counsel must review and comply with Judge Albright's Standing Order Regarding Joint or Unopposed Request to Change Deadlines, issued September 18, 2025.

(2) The Court has recently faced a spate of discovery objections that do not track the 2015 amendments to the Federal Rules. Please remember that boilerplate objections are unacceptable.

(3) Speaking objections during depositions are improper. Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

(4) Parties shall promptly notify the Court if they reach a settlement in a case and request to stay any deadlines.

**SIGNED** on July 30, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. |
| v. | § | |
| | § | **Jury Trial Demanded** |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| | Discovery commences on all issues. |
| | All motions to amend pleadings or to add parties shall be filed on or before this date. |
| | Fact Discovery Deadline. Any discovery requests must be propounded so that the responses are due by this date. |
| | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
| | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
| | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |

| | |
|---|---|
| | Expert Discovery Deadline. Expert discovery must be completed by this date. |
| | Any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.** |
| | All dispositive motions shall be filed and served on all other parties on or before this date and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. **The dispositive motion deadline must be at least 4 months before trial.**<br>Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" |
| | By this date the parties shall meet and confer to determine pre-trial deadlines, including, *inter alia*, exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |
| | By this date the parties shall exchange a proposed jury charge and questions for the jury. By this date the parties will also exchange draft Motions in Limine to determine which may be agreed. |
| | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. |
| | By this date the parties shall also submit to the Court their Motions in Limine. |
| | By this date the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and all other pertinent information.<br>By this date the parties will also submit to the Court their oppositions to Motions in Limine. |
| | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. This date should be a **Friday** not less than 90 days after the dispositive motion deadline and 2 months before trial. |
| | Jury Selection shall begin at 9:00 a.m. on this date during the week before trial. |
| | Jury Trial Commences at 9:00 a.m. on this Monday. This date should be during either the first or third week of the month. |

**SIGNED** on ______________________.

______________________________
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

AGREED:

By: ___________________________

Attorneys for Plaintiffs

By: ______________________________

Attorneys for Defendants

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| ______________________ *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| ______________________ *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ____________________

______________________________
*District Judge's signature*

______________________________
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.